UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JUDY SHAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF HOWARD, SOUTH DAKOTA, <br><br> Defendant. | CIV. 23-4039 <br><br> **COMPLAINT** |

Plaintiff Judy Shaw Foundation, Inc. ("JSF") states as its Complaint against Defendant City of Howard, South Dakota ("the City") as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this civil action arises under the Constitution and laws of the United States, namely 42 U.S.C. §§ 1983, 1988, 3613, and 12132, related rights under the United States Constitution, and 28 U.S.C. §§ 1343(3) and 1343(4).

2. 28 U.S.C. § 1343 provides in relevant part: The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) to redress the deprivation, under color of any ordinance, of any right, privilege or immunity secured by the Constitution of the United States; and (4) to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

3. 42 U.S.C. § 1983 provides in relevant part: Every person who, under color of any ordinance subjects, or causes to be subjected, any citizen of the United States to the deprivation

of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4. 42 U.S.C. § 3613 provides in relevant part: (a)(1)(A) An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or termination of an alleged discriminatory housing practice, . . ., to obtain appropriate relief with respect to such discriminatory housing practice[.]

5. 42 U.S.C. § 12132 provides in relevant part: Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

6. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. This Court has personal jurisdiction over the Defendant, as it is a municipal entity located in the Southern Division of the United States District Court for the District of South Dakota.

8. Venue is proper in the United States District for the District of South Dakota, Southern District, under 28 U.S.C. § 1391, because Defendant's acts and omissions occurred in the Southern Division of the United States District Court for the District of South Dakota. Venue is also proper here because a substantial portion of the events occurred in the Southern Division of the United States District Court for the District of South Dakota per 28 U.S.C. § 1391(b)(2).

## BACKGROUND FACTS

9. Plaintiff incorporates by reference all allegations contained in this Complaint.

10. JSF is a nonprofit corporation organized under the laws of the State of South Dakota.

11. JSF owned the Howard Hotel and Conference Center, located at 103 South Main Street in Howard, South Dakota, and related real estate ("the Property").

12. The Property is zoned as "C-1 Central Commercial District" under the existing City of Howard Zoning Ordinance (the "1997 Zoning Ordinance").

13. JSF was on the cusp of closing the sale of the Property to a buyer who planned to use the Property for a residential chemical dependency treatment center. Closing was scheduled for June 15, 2022.

14. Upon learning of the plans for the Property to be sold and used as a residential chemical dependency treatment center, in early June 2022, the City began its efforts to thwart JSF's sale of the Property through adopting changes to its zoning ordinances as described below.

15. On June 16, 2022, the City published Ordinances Nos. 745 and 746 ("the Ordinances"), which purported to amend the 1997 Zoning Ordinance. Publication followed the Howard City Counsel performing its first reading of the Ordinances on or about June 7, 2022, and its second reading on or about June 13, 2022.

16. Ordinance No. 745 defines a Group Home as "[a] facility that provides living or counseling arrangement for the twenty-four (24) hour care of children or adults, including a facility that provides programs for the treatment of chemical dependency." A true and correct copy of Ordinance No. 745 is attached hereto as Exhibit A.

17. Ordinance No. 746 adds "Group Home" to the list of uses in the C-1 Central Commercial District that require a special exception permit, which requires special permission from the City – already openly hostile toward a treatment center – whose decision on such special permission is not fairly and reasonably subject to court challenge given the limited nature of court review for such permits. A true and correct copy of Ordinance No. 746 is attached hereto as Exhibit B.

18. The City was aware of JSF's planned sale of the Property, the imminent closing, and the buyer's intent to use the Property as a residential chemical dependency treatment center.

19. These events specifically motivated the City to take action to adopt the Ordinances to frustrate, interfere with, and ultimately prevent JSF's sale of the Property and the use of the Property as a residential chemical dependency treatment center.

20. Because the City adopted the Ordinances, JSF's sale of the Property to the buyer stalled ultimately causing the buyer not to purchase the Property at the price and upon the agreed-upon terms.

21. After the sale foundered and due to litigation threats from JSF, the City equivocated and agreed to revoke the Ordinances on August 15, 2022.

22. Regardless of such temporarily agreeable attitude from the City, the buyer reneged its offer to buy the Property, and the sale fell through.

23. The Property was eventually sold at auction for substantially less than the original sale price.

24. Defendant's conduct has been committed intentionally, knowingly, recklessly, or with callous indifference such that punitive damages should be awarded.

## COUNT 1: § 1983 CIVIL RIGHTS VIOLATION

25. Plaintiff incorporates by reference all allegations contained in this Complaint.

26. 42 U.S.C. § 1983 provides in relevant part: Every person who, under color of any ordinance subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

27. The Fifth and Fourteenth Amendments to the United States Constitution prohibit the taking of private property without just or reasonable compensation.

28. A state entity's regulatory action may constitute a taking if its interference with a property owner's property use outweighs the legitimate public purpose the interference serves. *Penn Cent. Transp. Co. v. N.Y.C.*, 438 U.S. 104, 124–25 (1978).

29. When assessing regulatory takings, courts consider (1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the government action. *Id.*

30. As set forth in this Complaint, the City, acting under color of law, enacted the Ordinances, which interfered with JSF's reasonable expectations that the Property could lawfully be used as a residential chemical dependency treatment center. The City's adoption of the Ordinances was specifically motivated by JSF's planned sale and the buyer's intended use of the Property, and JSF could not have foreseen the City's action of enacting the Ordinances. JSF invested resources in listing and preparing the Property for sale in reliance upon its expectation that the Property's planned use as a residential chemical dependence treatment center was lawful.

31. The City's adoption of the Ordinances has caused Plaintiff financial harm.

32. The Ordinances did not serve a legitimate public purpose that justified the City's interference with JSF's investment-backed expectations with respect to the Property.

33. Plaintiff is entitled to compensatory damages in an amount to be proven at trial for all harms caused by the City's acts and omissions, attorneys' fees, and all other relief requested in this Complaint under 42 U.S.C. § 1983.

34. Plaintiff is entitled to all relief requested in this Complaint.

## COUNT 2: FAIR HOUSING ACT VIOLATION

35. Plaintiff incorporates by reference all allegations contained in this Complaint.

36. The Fair Housing Act, 42. U.S.C. 3601 *et seq.* ("the FHA"), declares that "[i]t is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States."

37. Section 3602(f) of the FHA defines a discriminatory housing practice as an act that is unlawful under §§ 3604 and 3617 of the FHA. Section 3604(f)(1)(B) of the FHA makes it unlawful "[t]o discriminate in the sale or rental, *or to otherwise make unavailable or deny*, a dwelling to any buyer or renter because of a handicap of a person residing or intending to reside in that dwelling after it is so sold, rented, or made available."

38. Section 3604(f)(3)(B) prohibits the refusal to make reasonable accommodations in rules when those accommodations may be necessary to afford a handicapped person equal opportunity to enjoy a dwelling.

39. Section 3617 of the FHA makes it unlawful to "interfere with any person in the exercise or enjoyment of . . . any right granted or protected by section . . . 3604."

40. The FHA applies to municipal zoning ordinances that affect housing opportunities for persons who are disabled.

41. Under the FHA, a person is subject to a "handicap" if she or he has a "physical or mental impairment which substantially limits one or more of such person's major life activities, a

record of such an impairment, or being regarded as having such an impairment." 42 U.S.C. § 3602(h). The term "physical or mental impairment" includes "alcoholism" and "drug addiction (other than addiction caused by current, illegal use of a controlled substance)." 24 C.F.R. § 100.201.

42. The proposed future residents of the Property meet the definition of handicapped persons because they are persons suffering from and seeking treatment for chemical dependency.

43. That the Property's future residents would be individuals who are handicapped or recovering from chemical dependency was a motivating factor in the City's decision to adopt the Ordinances.

44. The City, in enacting the Ordinances, was motivated by a desire to prevent the Property from being used as a residence for handicapped persons or a residential chemical dependency treatment center.

45. By enacting the Ordinances, the City engaged in a policy or practice with a discriminatory effect on members of a protected class, namely persons who are handicapped.

46. The Ordinances are arbitrary, artificial, and unnecessary to achieve a valid interest or legitimate objective.

47. The Ordinances had a disproportionately adverse effect on members of a protected class, namely persons who are handicapped. The Ordinances directly caused the discriminatory effect on persons who are handicapped by preventing them residing at the Property.

48. The disparate treatment caused by the Ordinances was significant.

49. JSF's original sale failed as a direct result of the City's adoption of the Ordinances.

50. As a result of the City's adoption of the Ordinances, JSF has suffered a distinct, palpable, and actual injury that is redressable by this Court.

51. JSF is entitled to a judgment against the City in an amount to be proven at trial.

52. JSF is entitled to all relief requested in this Complaint.

### COUNT 3: AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT VIOLATION

53. Plaintiff incorporates by reference all allegations contained in this Complaint.

54. The Americans with Disabilities Act ("the ADA") provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

55. The federal regulations implementing the ADA also make it unlawful for a public entity, in determining the site or location of a facility, to make selections that have the purpose or effect of excluding individuals with disabilities, denying them the benefits of certain locations, or otherwise subjecting them to discrimination. 28 C.F.R. § 35.130(4)(i).

56. The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

57. The ADA and the Rehabilitation Act prohibits municipalities from discriminating against persons with disabilities through zoning.

58. That the Property's future residents would be individuals who are handicapped or recovering from chemical dependency was a motivating factor in the City's decision to adopt the Ordinances.

59. The City, in enacting the Ordinances, was motivated by a desire to prevent the Property from being used as a residence for handicapped persons or a residential chemical dependency treatment center.

60. By enacting the Ordinances, the City engaged in a policy or practice with a discriminatory effect on members of a protected class, namely persons who are handicapped.

61. The Ordinances are arbitrary, artificial, and unnecessary to achieve a valid interest or legitimate objective.

62. The Ordinances had a disproportionately adverse effect on members of a protected class, namely persons who are handicapped. The Ordinances directly caused the discriminatory effect on persons who are handicapped by preventing them from residing at the Property.

63. The disparate treatment caused by the Ordinances was significant.

64. JSF's original sale fell through as a direct result of the City's adoption of the Ordinances.

65. As a result of the City's adoption of the Ordinances, JSF has suffered a concrete injury that is redressable by this Court.

66. JSF is entitled to a judgment against the City in an amount to be proven at trial.

67. JSF is entitled to all relief requested in this Complaint.

## COUNT 4: STATE-LAW TORTIOUS INTERFERENCE

68. Plaintiff incorporates by reference all allegations contained in this Complaint.

69. Under South Dakota law, a party may assert a tortious interference claim by establishing (1) the existence of a valid business relationship or expectancy; (2) knowledge by the interferer of the relationship or expectancy; (3) an intentional and unjustified act of

interference on the part of the interferer; (4) proof that the interference caused the harm sustained; and (5) damage to the party whose relationship or expectancy was disrupted.

70. JSF had a valid business expectancy in the original sale of the Property, which sale was scheduled to close on June 15, 2022.

71. The City knew of the planned sale and the buyer's intended use of the Property.

72. The City, a third party to the original sale, intentionally and unjustifiably interfered with the sale by enacting the Ordinances, which made the buyer's intended use of the Property unlawful.

73. The City was motivated by discriminatory intent in enacting the Ordinances.

74. Because the City adopted the Ordinances, the sale stalled and ultimately fell through.

75. After the original sale fell through, JSF attempted to mitigate damages by selling the Property at auction. The final sale price was significantly less than the original planned sale price.

76. The City's interference has caused damages to JSF in an amount to be proven at trial. JSF is entitled to all available relief to remedy the City's tortious interference with JSF's business expectancies in a form and amount to be proven at trial.

## COUNT 5: PUNITIVE DAMAGES

77. Plaintiff incorporates by reference all allegations contained in this Complaint.

78. The City is guilty of oppression, actual malice, and presumed malice.

79. The City's actions and conduct described in this Complaint were committed intentionally or with reckless indifference to the federally protected rights of others.

80. JSF is entitled to an award of punitive damages against the City, including under § 1983, § 3613(c)(1), and SDCL 21-3-2.

## COUNT 6: ATTORNEYS' FEES

81. Plaintiff incorporates by reference all allegations contained in this Complaint.

82. 42 U.S.C. §§ 1988(b) and (c), 3613(c)(2), and 12205, or other applicable federal statutes, authorize the Court to award to Plaintiff its reasonable attorneys' fees, costs, and expert witness fees, which Plaintiff requests be awarded in this civil action.

83. Plaintiff is entitled to all relief requested in this Complaint.

WHEREFORE, Plaintiff prays for the following relief:

A. A judgment, in an amount to be proven at trial, in favor of Plaintiff and against Defendant compensating Plaintiff for all financial harm caused by Defendant's acts, omissions, deprivations, retaliation, conduct, policies, practices, and customs;

B. For all damages allowed under the law, including punitive damages to the extent allowed;

C. For recovery of reasonable attorney's fees, costs, expenses, and disbursements under 42 U.S.C. § 1988 or other sources of law;

D. For prejudgment and post-judgment interest;

E. For other relief requested in this Complaint; and

F. For other relief that the Court finds just, equitable, and appropriate.

Dated at Sioux Falls, South Dakota, this 16th day of March, 2023.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

_____
Mitchell Peterson
Kurt Wm. Kingler
206 West 14th Street
PO Box 1030
Sioux Falls, SD 57101-1030
Telephone:  (605) 336-2880
Facsimile:  (605) 335-3639
mpeterson@dehs.com
kkingler@dehs.com
*Attorneys for Plaintiff Judy Shaw Foundation, Inc.*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury to the maximum extent allowed.

_____
Mitchell Peterson

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Judy Shaw Foundation, Inc.

### DEFENDANTS
City of Howard, South Dakota

**(b)** County of Residence of First Listed Plaintiff: **Minnehaha County, SD**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Miner County, SD**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mitchell Peterson, Davenport, Evans, Hurwitz & Smith, LLP, PO Box 1030, Sioux Falls, SD 57101-1030, 605-336-2880

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [X] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [X] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC Sections 1983, 1988, 3613, and 12132 and 28 USC Sections 1343(3) and 1343(4)

Brief description of cause:
Defendant adopted illegal ordinances to thwart sale of Plaintiff's property to a potential buyer, and Plaintiff suffered damages when the sale failed.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** TBD

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Mar 16, 2023

SIGNATURE OF ATTORNEY OF RECORD: *Mitchell P. [signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.