UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JUDY SHAW FOUNDATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF HOWARD, SOUTH DAKOTA, <br><br> Defendant. | 4:23-CV-04039-KES <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE |

Plaintiff, Judy Shaw Foundation, Inc. (JSF), moves to strike defendant, City of Howard, South Dakota's, motion for partial summary judgment (Docket 49) as untimely. *See* Docket 53. JSF contends that the City failed to seek an extension of the dispositive-motions deadline until nearly nine months after it had expired, and for that reason alone, the City's motion should be denied. Docket 54 at 3-4. JSF further argues that even if the City sought an extension, it did not act diligently in attempting to comply with the court's case management order. *Id.* JSF also argues that it would suffer prejudice if the City's summary judgment motion was not stricken. *Id.* at 4-5. The City maintains that because its summary judgment motion raises threshold questions concerning JSF's standing to pursue claims under the Fair Housing Act (FHA) and 42 U.S.C. § 1983, the motion to strike should be denied. Docket 55 at 1.

In its reply, JSF argues that the issue presented does not implicate Article III standing—which must exist at all stages of the litigation and may be raised at any time—but instead concerns statutory standing,[1] which does not affect the court's subject-matter jurisdiction. Docket 58 at 3-4. According to JSF, statutory standing addresses whether a statute grants a particular plaintiff a cause of action and is therefore non-jurisdictional and subject to ordinary procedural rules, including the dispositive-motion deadline. *Id.* at 4.

JSF contends that the City's partial summary judgment motion turns on whether JSF qualifies as an "aggrieved person" under the FHA and on issues of causation, both of which go to the merits rather than the court's power to hear the case. *Id.* at 3-4. JSF similarly asserts that the City's § 1983 argument, that JSF is improperly asserting the rights of third parties, rests on statutory standing principles that do not implicate subject-matter jurisdiction. *Id.* at 4. In JSF's view, the City cannot avoid the consequences of its untimely filing by characterizing non-jurisdictional, merits-based arguments as constitutional standing challenges. *Id.* The court agrees with JSF.

---

[1] The Supreme Court's recent precedent indicates that statutory standing and prudential standing describe the same concept. *See Bank of Am. Corp. v. City of Miami*, 581 U.S. 189, 196-97 (2017) ("This Court has also referred to a plaintiff's need to satisfy 'prudential' or 'statutory' standing requirements. In *Lexmark*, we said that the label 'prudential standing' was misleading, for the requirement at issue is in reality tied to a particular statute. The question is whether the statute grants the plaintiff the cause of action that he asserts."). For simplicity, the court will refer to this concept as statutory standing throughout this order.

Standing under Article III is a threshold jurisdictional requirement that derives from the Constitution and limits the court's power to adjudicate a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court therefore has an independent obligation to examine its subject-matter jurisdiction, including Article III standing, at every stage of the litigation. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *see United States v. Cotton*, 535 U.S. 625, 630 (2002).

Statutory standing, by contrast, does not implicate the court's constitutional power to hear a case, but instead consists of "judicially self-imposed limits" on who may invoke a statutory cause of action. *See Christian Lab. Ass'n v. City of Duluth*, 142 F.4th 1107, 1111 (8th Cir. 2025) (citation omitted). "A plaintiff has [statutory] standing to bring a claim if the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Lucas v. Jerusalem Cafe, LLC*, 721 F.3d 927, 939 (8th Cir. 2013) (citation omitted). Because statutory standing doctrines address a plaintiff's authority to bring a claim rather than the court's power to hear it, they are "non-jurisdictional" in nature. *Parker Stewart v. Plains Com. Bank*, 2025 WL 2712496, at *6 (D.S.D. Sept. 23, 2025) (quoting *Potter v. Cozen & O'Connor*, 46 F.4th 148, 155 (3d Cir. 2022)).

While jurisdictional objections may be raised at any stage of the litigation because they concern the court's power to adjudicate a case, statutory limitations that define the scope of a cause of action go to the merits of a claim

3

rather than the court's jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514-15 (2006). Absent a clear statement from Congress that a statutory limitation is jurisdictional, courts must treat such restrictions as non-jurisdictional in character. *Id.* at 515-16. It follows that arguments challenging a plaintiff's entitlement to relief under a particular statute are subject to ordinary procedural rules and may be forfeited if not timely raised.

Applying the foregoing principles, the court concludes that the City's motion for partial summary judgment does not raise a challenge to Article III standing, but instead asserts non-jurisdictional arguments grounded in statutory standing. The City's arguments with regard to JSF's FHA claim concern whether JSF qualifies as an "aggrieved person" under the statute and, more broadly, whether JSF can satisfy the causation requirements of the FHA. *See* Docket 50 at 3-6. These issues, however, define the scope of the statutory cause of action and go to the merits of JSF's claims, rather than the court's constitutional power to adjudicate the case. *See Arbaugh*, 546 U.S. at 514-16; *City of Miami*, 581 U.S. at 196-97. Said differently, such issues determine who may sue and for what conduct under the statute, not whether the court has authority to hear the case at all. Additionally, the City's contention that JSF improperly asserts the rights of third parties under 42 U.S.C. § 1983 also rests on statutory standing principles, which address a plaintiff's authority to bring a claim and are non-jurisdictional in nature. *See Christian Lab. Ass'n*, 142 F.4th at 1111; *Lucas*, 721 F.3d at 939.

Because the issues raised in the City's partial summary judgment motion do not implicate Article III standing, they are governed by the court's scheduling and case-management orders. *See* Fed. R. Civ. P. 16(b)(3)(A) (authorizing courts to set deadlines for dispositive motions); Fed. R. Civ. P. 16(b)(4) (requiring good cause to modify a scheduling order). The court's scheduling order set April 30, 2025, as the deadline for filing all dispositive motions, including motions for summary judgment. *See* Docket 19. As relevant here, the City filed a timely motion for summary judgment, *see* Docket 25, which the court granted in part and denied in part, *see* Docket 46 at 46. After the court set the trial date and related deadlines, *see* Docket 48, the City filed a motion for partial summary judgment challenging JSF's standing to pursue its FHA and § 1983 claims—nearly nine months after the dispositive-motion deadline. *See* Docket 49; Docket 50 at 1. Under Rule 16(b), a party's failure to comply with scheduling deadlines, absent good cause and diligence, provides a sufficient basis to preclude untimely dispositive motions. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008).

The City asserts that good cause exists under Rule 16(b) for filing its motion after the deadline. Docket 55 at 4. The City explains that its motion relies on this court's prior determination that JSF lacks association with disabled individuals, a fact that was not available when the City filed its initial summary judgment motion. *Id.* After this court issued its ruling on the City's summary judgment motion on January 5, 2026, the City "promptly filed" the

5

present motion and supporting materials on January 14, 2026. *Id.* The City therefore contends that there was no unreasonable delay in seeking relief. *Id.*

Under Rule 16(b), a party seeking to modify a scheduling order after the deadline must demonstrate good cause, which requires a showing that the party acted diligently and that the circumstances preventing timely filing were unforeseeable or beyond the party's control. *See* Fed. R. Civ. P. 16(b)(4); *Sherman*, 532 F.3d at 716-17. "A district court possesses broad discretion when it establishes and enforces deadlines in its scheduling orders. . . . [And] 'the primary measure of good cause is the movant's diligence in attempting to meet the order's requirements.'" *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 960 (8th Cir. 2023) (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)). Even when a party shows good cause, "the district court retains discretion as whether to grant the motion." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) ("As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take [scheduling] orders lightly, and will enforce them.").

Here, the court finds that good cause does not exist to allow the City to file an untimely partial summary judgment motion. The City's motion is based on a legal issue—JSF's statutory standing under the FHA and § 1983—that could have been raised in its initial summary judgment motion or in a timely amendment of that motion. *See* Docket 50 at 3-11. Rule 16(b)'s good-cause standard turns primarily on the moving party's diligence, and a lack of diligence alone is sufficient to deny relief from a scheduling order. *See*

6

*Sherman*, 532 F.3d at 716–17. The City has not shown that it acted diligently in attempting to comply with the dispositive-motion deadline, nor that the basis for its motion was unavailable before that deadline expired. *See* Docket 55 at 4.

That this court later issued an order concerning JSF's lack of association with disabled individuals under the Americans with Disabilities Act and Rehabilitation Act, *see* Docket 46 at 15-16, does not excuse the City's failure to anticipate or timely address potential standing challenges, particularly because prudential or statutory standing questions are non-jurisdictional and subject to ordinary procedural rules. *See Arbaugh*, 546 U.S. at 514-16 (statutory limitations defining the scope of a cause of action are non-jurisdictional and must be raised within applicable procedural deadlines); *Lucas*, 721 F.3d at 939 (prudential standing addresses a plaintiff's right to bring a claim, not the court's jurisdiction). Had the City been diligent, it would have performed the appropriate research before the deadline. The City waited nine months after the dispositive-motion deadline and only filed its motion after the court ruled on other issues. This delay reflects a lack of diligence, and therefore, the circumstances do not constitute good cause under Rule 16(b)(4).

Because the City's partial summary judgment motion raises issues of statutory standing that do not implicate Article III jurisdiction, and because the City has not shown good cause to file its motion outside the scheduling deadline, JSF's motion to strike is granted. Thus, it is

7

ORDERED that plaintiff's motion (Docket 53) is GRANTED. The motion at Docket 49 is stricken.

DATED February 10, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE